Argued May 6, decided May 27, 1913.

## In Re HART'S WILL.*

## PRATHER *v.* FERGUSON.

(132 Pac. 526.)

**Wills—"Testamentary Capacity."**

1.  One in such mental condition as to understand what he is doing, recall what property he owns, and intelligently select the object of his bounty, possesses testamentary capacity.

> [As to testamentary capacity as contrasted with marriage capacity, see note in Ann. Cas. 1913B, 1239.]

**Wills—Probate—Undue Influence.**

2.  A will executed by one possessing sufficient capacity to understand what he is doing, recall what property he owns, and intelligently select the objects of his bounty, is properly admitted to probate where made in accordance with an often-expressed design and with no evidence of undue influence.

> [As to undue influence, see note in 31 Am. St. Rep. 670.]

From Malheur: DALTON BIGGS, Judge.

Statement by MR. CHIEF JUSTICE McBRIDE.

This is an appeal from a decree of the Circuit Court for Malheur County, sustaining the validity of a will executed by Mary Elizabeth Hart, deceased, on July 7, 1910, and declaring invalid certain wills alleged to have been executed by her on December 24 and 31, 1910.

The contest arises out of the following state of facts: On July 7, 1910, deceased, then being in poor health and suffering from diabetes, but being, so far as the testimony discloses, of sound mind, employed one J. D. Fairman to prepare her will, which he did, and it was duly signed, published, and witnessed. It is not questioned that it was at the time a valid will, but is conceded that, unless revoked by one or the other of two alleged wills made subsequently on December

---

*The question what is testamentary capacity is treated in an elaborate note in 27 L. R. A. (N. S.) 2.—REPORTER.

24 and December 31, 1910, it is the last will and testament of deceased and entitled to probate as such. Mrs. Hart died March 3, 1911, and on the 9th day of March, 1911, the contestant, a brother of deceased, presented to the county court of Malheur County a writing purporting to be her last will and testament, and it was admitted to probate as such. Subsequently a petition verified by George R. Hart, one of the legatees, under the will of July 7, 1910, was filed, praying that the probate of the will of December 31st be set aside on account of undue influence and want of testamentary capacity on the part of the testatrix, and praying that the will of July 7th be admitted to probate. Upon issue joined the court found that the will of December 31st was void by reason of testamentary incapacity on the part of the testatrix at the time of its execution, set aside the probate of said will, and admitted the will of July 7th to probate. No appeal from this decree was perfected, but on March 25, 1912, James M. Prather, principal beneficiary under the alleged wills of December 24 and December 31, 1910, and other legatees named therein, filed a petition in the county court for the revocation of the probate of the will of July 7th, and alleged the making of the will of December 24th, claiming that it revoked the will of July 7th; that said will had never been republished and was therefore revoked; and that its execution was procured by fraud and misrepresentation. It was alleged that, upon the making of the will of December 31st, the will of December 24th was destroyed. It does not appear from the transcript nor from the abstract whether it was sought to re-probate the will of December 31st or to have admitted to probate the will of December 24th as a lost or destroyed will; nor is it deemed material to the consideration of this case. Upon the hearing the county court decreed

the will of July 7th to be the last will and testament of deceased, and decreed the wills of December 24th and 31st to be void for want of mental capacity on her part to make a will. The contestant Prather and others appeal.                              AFFIRMED.

For appellants there was a brief over the names of *Mr. A. A. Smith, Mr. John L. Rand* and *Mr. William H. Packwood, Jr.,* with an oral argument by *Mr. Smith.*

For respondents there was a brief over the names of *Messrs. McCulloch, Soliss & Duncan,* with an oral argument by *Mr. John W. McCulloch.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. There is little dispute as to the law governing cases of this character, and the dispute narrows down to a single question of fact, namely, Was the testatrix at the time the wills were executed in December, 1910, in a condition to understand what she was doing, to recall what property she owned, and to intelligently select the objects of her bounty? *Buren's Will,* 47 Or. 307 (83 Pac. 530); *Pickett's Will,* 49 Or. 127 (89 Pac. 377). The determination of this question has necessitated a careful scrutiny of the voluminous testimony offered at the trial. We have carefully read and weighed the testimony of all the witnesses and are clearly of the opinion that it shows the deceased was not on December 24th or 31st in such a mental condition as to be able to select the objects of her bounty nor to know what she was doing, but that by reason of disease her mind was in such a condition that these wills were the offspring of insanity and did not proceed from a sound and disposing mind.

2. On the other hand, the will of July 7th was made under circumstances indicating a sound mind and

memory, and its disposition of the property was substantially in accordance with a long-contemplated and often-expressed design to share the property equally with her own and her husband's relatives, and there is nothing to indicate that there were those about her who could or did exert any persuasion or influence over her mind in its preparation. We are of the opinion that the county and circuit courts were right in holding that she was not mentally capable of making a will on December 24th or 31st, and that the will of July 7, 1910, is her valid last will and testament. To analyze and discuss the testimony of the various witnesses upon the subject of the testatrix's mental capacity and the other facts which bear upon this principal fact would occupy 100 pages of the Oregon reports with matters of no permanent interest or value.

The decree of the Circuit Court is affirmed.

AFFIRMED.